**Not For Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES EVERETT SHELTON, *Plaintiff*, v. MERCHANT FLOW FINANCIAL CORPORATION, and CONROY WILLIAMSON, *Defendants*. | Civil Action No. 18-11294 (JMV) (SCM) **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Pending before this Court is a joint motion to vacate the Court's December 28, 2018 Opinion and Order and to dismiss the action with prejudice. D.E. 13-1. The parties indicate that they make the request because they have entered into a confidential settlement agreement. *Id.* On December 28, 2018, the Court granted in part and denied in part Plaintiff's motion for default judgment, awarding Plaintiff a sum of $500 in statutory damages for his Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, claim. D.E. 9, 10. Since this decision, the parties reportedly entered into a confidential settlement agreement. *See* D.E. 13-1 ("Joint Br.") at 1. As part of this settlement agreement, the parties agreed to cooperatively request that this Court (1) vacate the default judgment entered on December 28, 2018, pursuant to Fed. R. Civ. P. 60(b); and (2) dismiss the action in its entirety with prejudice, pursuant to Fed. R. Civ. P. 41(a)(2). *Id.*; *see also* D.E. 13.

Federal Rule of Civil Procedure 60(b) provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (5) the judgment has been satisfied, released, or discharged; . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Court finds that the parties' subsequent settlement agreement and joint application to set aside the default judgment justifies such relief. The Court vacates its December 28, 2018 Opinion and Order, D.E. 9, 10.

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request [] by court order, on terms that the court considers proper." Fed. R. Civ. P. 41. "Dismissal on motion under Rule 41(a)(2) is within the sound discretion of the court and may be granted if the court believes that defendants will not be seriously prejudiced by such dismissal." *Shields v. Murphy*, 116 F.R.D. 600, 602 (D.N.J. 1987). Here, although the Court is not privy to the confidential settlement agreement between the parties, the agreement appears to moot the action. Since Plaintiff and Defendants are jointly moving for this relief, the Court does not believe that either party will be prejudiced, much less seriously so, by granting such relief. The Court dismisses the action with prejudice.

For the foregoing reasons, and for good cause shown,

**IT IS** on this 4th day of April, 2019,

**ORDERED** that the Court's December 28, 2018 Opinion and Order (D.E. 9, 10) are **VACATED**; and it is further

**ORDERED** that Plaintiff's Complaint (D.E. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall serve this Opinion & Order upon Plaintiff by regular and certified mail return receipt; and it is further

**ORDERED** that the Clerk of the Court shall close this matter.

_____
John Michael Vazquez, U.S.D.J.